IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WATTS,<br><br>    Plaintiff,<br><br>    v.<br><br>S. GATES, et al.,<br><br>    Defendants. | No.  2:21-CV-0543-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's first amended complaint, ECF No. 4.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

1  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2  with at least some degree of particularity overt acts by specific defendants which support the

3  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4  impossible for the Court to conduct the screening required by law when the allegations are vague

5  and conclusory.

6

7  **I. PLAINTIFF'S ALLEGATIONS**

8  Plaintiff names the following as defendants: (1) S. Gates, the Chief of the

9  California Correctional Health Care Services; (2) Lori Austin, the Chief Executive Officer at

10  California Medical Facility (CMF); and (3) Dr. Bethlehem Hailey, M.D., a physician at CMF.

11  See ECF No. 4, pgs. 1, 2.

12  Plaintiff states he arrived at CMF in 2018 with ankle edema, asthma, bilateral knee

13  pain, coronary atherosclerotic disease (COD), chest pain, chronic low back pain, difficulty

14  swallowing, finger pain, gastroesophageal reflux disease (GERD), glaucoma, headaches,

15  hypertension, muscular degeneration, bipolar disorder, eye pain, pain in both feet, schizoaffective

16  disorder, urinary hesitancy, and urinary urgency.  See id. at 9.  Due to urinary problems, Plaintiff

17  was assigned to a single cell for medical reasons.  See id.  Plaintiff states that he remained on

18  single-cell status through May 2019.  See id.  Plaintiff states that, after his single-cell status was

19  removed, he filed an inmate health care appeal in June 2019.  See id.

20  Plaintiff alleges that Defendant Austin responded to his appeal and informed him

21  that, upon speaking with Defendant Hailey, it was determined that there was no medical

22  indication for single-cell status.  See id. at 10.  Plaintiff claims that, when he asked Defendant

23  Hailey about the decision, Hailey responded: "You are so fucking needy!  All you do is come in

24  my office asking for things.  Grow up, be a man!"  Id. at 11.  Plaintiff further alleges that his

25  appeal was denied at the "Headquarters Level" by Defendant Gates, who indicated that Plaintiff's

26  health care providers did not feel a medial need for single-cell status.  Id. at 10-11.

27  / / /

28  / / /

## II. DISCUSSION

Plaintiff's claims against the named defendants are premised on a violation of Plaintiff's Eighth Amendment right to adequate medical treatment for his various conditions, which Plaintiff states necessitates single-cell status.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See

1   Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

2   The requirement of deliberate indifference is less stringent in medical needs cases
3   than in other Eighth Amendment contexts because the responsibility to provide inmates with
4   medical care does not generally conflict with competing penological concerns. See McGuckin,
5   974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to
6   decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.
7   1989). The complete denial of medical attention may constitute deliberate indifference. See
8   Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical
9   treatment, or interference with medical treatment, may also constitute deliberate indifference. See
10  Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate
11  that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

12  Negligence in diagnosing or treating a medical condition does not, however, give
13  rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a
14  difference of opinion between the prisoner and medical providers concerning the appropriate
15  course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh,
16  90 F.3d 330, 332 (9th Cir. 1996).

17  Here, it does not appear Plaintiff's claims are cognizable. Specifically, Plaintiff's
18  contention that he should receive single-cell status incident to his medical conditions constitutes a
19  difference of opinion with medical providers who concluded Plaintiff does not require single-cell
20  status. In an abundance of caution, the Court will permit Plaintiff an opportunity to amend to
21  clarify his allegations.

22

23  **III. CONCLUSION**

24  Because it is possible that the deficiencies identified in this order may be cured by
25  amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire
26  action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is
27  informed that, as a general rule, an amended complaint supersedes the original complaint. See
28  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to

amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to amend; and

2. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

Dated: August 4, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE